# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 19-00010-05-CR-W-BP |
| NAYELI FUENTES-VERDUGO, | ) ) |
| Defendant. | ) ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's motion to dismiss due to outrageous government behavior. (Doc. 56.) On May 10, 2019, the Honorable Magistrate Judge Sarah W. Hays issued a report and recommendation that the Court deny Defendant's motion to dismiss. (Doc. 92.) The Court has reviewed the record de novo and agrees with the recommendations of Judge Hays. Defendant's motion to dismiss is **DENIED**.

## I. BACKGROUND

The Court adopts the reports and recommendation in its entirety, including its recommended findings of fact. In summary, the Government conducted an undercover operation in which federal agents sought to purchase large quantities of drugs and guns from various individuals. Defendant Nayeli Fuentes-Verdugo is the wife of Omar Eliseo Barraza-Bueno, who was also charged in this drug conspiracy. (Doc. 92, ¶ 3.) Defendant is a Mexican national who has legally lived and worked in Bakersfield, California. (*Id.*) Defendant often visited her husband in Kansas City. (*Id.*) Defendant does not speak English; she only speaks and understands Spanish. (*Id.*)

On December 10, 2018, an undercover agent went to the home of Mr. Barraza-Bueno to discuss the sale of twenty-five pounds of methamphetamine. Defendant was present at this meeting because she was staying with her husband at his home in Kansas City. On December 17, 2018, the undercover agent met with several members of the drug conspiracy – including Defendant – to make arrangements for the sale the drugs which was to take place the following day at a warehouse. (Doc. 92, ¶ 4.) During this discussion (which took place in English) the undercover agent suggested – and Mr. Barraza-Bueno agreed – that Defendant would accept payment for the drugs. (*Id.*) On December 18, 2018, Mr. Barraza-Bueno and other defendants arrived at the agreed-upon warehouse with the twenty-five pounds of methamphetamine to complete the drug transaction. (*Id.* at ¶ 6.) The undercover officer inquired why other members of the group, including Defendant, were not present and was informed that they were elsewhere eating breakfast. (*Id.*) The undercover agent refused to continue with the transaction without all members of the group present. (*Id.*) The others were contacted and arrived at the warehouse shortly thereafter. (*Id.*) However, Defendant did not enter the warehouse when she arrived, but instead remained in the vehicle. (*Id.*) At that point, the undercover agent asked that Defendant come inside the warehouse to join the others. (*Id.*) After Defendant was inside the warehouse and the drugs were weighed, other law enforcement officers entered the warehouse and placed Defendant and the other codefendants under arrest. (*Id.*)

Defendant was subsequently charged with conspiracy to distribute methamphetamine and aiding and abetting possession with intent to distribute methamphetamine. (Doc. 1.) On February 19, 2019, Defendant filed a motion to dismiss the indictment due to outrageous government behavior. (Doc. 56.) On May 10, 2019, Judge Hays issued her report recommending that the

Court deny Defendant's motion to dismiss. (Doc. 92.) For the following reasons, the Court adopts Judge Hays' Report and **DENIES** the motion to dismiss.

## II. DISCUSSION

The Court adopts Judge Hays' recommendation it its entirety; this discussion is meant only to augment her legal analysis.

Defendant's primary arguments are that Judge Hays made critical mistakes of fact. (Doc. 98, pp. 7–11.) Specifically, Defendant contends that

- Judge Hays belittled Defendant's language barrier by stating that "Defendant maintains" she is unable to understand English and that the conversation between the undercover agent and Mr. Barraza-Bueno at the restaurant took place "in Defendant's presence," somehow indicating that Defendant could understand the conversation, (*Id.* at p. 8),

- Judge Hays incorrectly stated that four members of the conspiracy discussed arrangements for the drug sale, when in reality only Mr. Barraza-Bueno discussed the sale with the undercover agent, (*Id.*),

- Judge Hays did not consider the fact that, during the conversation at the restaurant, the undercover agent and Mr. Barraza-Bueno did not specify the circumstances of how Defendant was to receive the money, (*Id.*), and

- Judge Hays mistakenly found that the undercover officer "asked" Defendant to enter the warehouse, when in reality he ordered or commanded the group to come inside. (*Id.* at 10.)

The Court does not find Defendant's arguments persuasive for several reasons. First, accepting Defendant's arguments as true, the Court is not convinced that any of Defendant's claims

3

impact the analysis of outrageous government conduct. If anything, Defendant's arguments go to whether Ms. Verdugo was knowingly involved in the conspiracy and not to the outrageousness of the government's actions. Second, several of Defendant's arguments regarding the facts are immaterial. For example, whether the undercover agent spoke with one or four codefendants does not detract from the fact that it was decided Defendant would accept the monies in the transaction. Third, even if Defendant's allegations had any bearing on the analysis of the government's actions, the Court agrees with Judge Hays that the government's conduct was not outrageous because it does not shock the conscience of the Court. Specifically, the undercover agent's behavior in coordinating the sale and transfer of drugs – including his suggestion that Defendant accept the monies for the drugs and his insistence that Defendant enter the warehouse the following day – is not outrageous government conduct. And, as Judge Hays points out,

> The Eighth Circuit has specifically recognized that government agents may go a long way in concert with the accused without being deemed to have acted so outrageously as to violate due process. In order to infiltrate the underworld of drug production federal agents often must participate in the illegal enterprise. Infiltration of criminal enterprise is a recognized and permissible means of investigation that often requires the government to employ subterfuge, to participate in the planning of a crime, and even provide resources for a crime.
>
> . . .
>
> Here, the government's actions in coordinating the drug sting operation and defendant's alleged involvement in it are consistent with permissible, aggressive and persistent investigative actions by the government.

(Doc. 92, pp. 9–10) (cleaned up.) Thus, the Court finds that Judge Hays' description of the facts fairly summarized the facts presented to her and, given these facts, her findings were appropriate.

Defendant also argues that the Magistrate Judge should have held a hearing on this issue.[1] The Eighth Circuit has not considered whether a district court is required to hold an evidentiary

---

[1] Defendant claims that "in this Circuit, evidentiary hearings . . . are required if the motion presents a colorable constitutional claim and there are disputed issues of material fact that will affect the outcome of the motion." (Doc.

hearing before ruling on a motion to dismiss for outrageous government conduct. However, as Judge Hays points out, other courts have found that "[a] trial court need only grant an evidentiary hearing on the issue of outrageous government conduct when the defendant has presented specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions." (Doc. 92, p. 12 (citing *United States v. Swiatek*, 819 F.2d, 725 (7th Cir. 1987).) As discussed above, Defendant has not presented specific facts that are sufficient to raise any doubt about the propriety of the government's conduct in this case. Thus, the Court agrees with Judge Hays that an evidentiary hearing is unnecessary.

### III. CONCLUSION

For these reasons, the Court adopts the Report and Recommendation of Judge Hays and **DENIES** (1) Defendant's motion to dismiss for outrageous government conduct and (2) Defendant's request for an evidentiary hearing. (Doc. 92.)

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: July _17_, 2019      UNITED STATES DISTRICT COURT

---

98, p. 15.) The cases cited by Defendant in support of his argument do not stand for this proposition, and even if they did, Defendant has not demonstrated that there are material facts at issue that would affect the outcome of his motion.